UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GREGG ROBERTI,

    Plaintiff,                                                       CASE NO.13-cv-60412

v.

KIRKLAND LAW GROUP,
PLLC.,
    Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, GREGG ROBERTI ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, KIRKLAND LAW GROUP, PLLC., ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Hollywood, Broward County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Kent, Washington.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around September of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

10. Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

11. Defendant called Plaintiff's telephone number at 954-987-61XX.

12. In September of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit A.

13. In the voicemail message, Defendant's representative, "Chanel" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Chanel", directed

Plaintiff to call her back at 1-425-336-2593, which is a number that belongs to Defendant. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

13. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Defendant violated §1692d(6) of the FDCPA through the placement of calls without meaningful disclosure of the caller's identity.

   c. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

   d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   e. Defendant violated §1692e(11) of the FDCPA through the failure to state in communications with a consumer in connection with the collection of a debt that the communication is from a debt collector and that any information obtained will be used for that purpose.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

14. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

15. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

16. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
    Shireen Hormozdi
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd., Suite 401
    Los Angeles, CA 90025
    Phone:  (323) 988-2400 ext. 267
    Fax:     (866) 802-0021
    Attorney for Plaintiff
    FBN: 0882461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)
COUNTY OF BROWARD)

Plaintiff, GREGG ROBERTI, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GREGG ROBERTI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/27/12

GREGG ROBERTI
Plaintiff